UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
SAFECO INSURANCE COMPANY     )
OF AMERICA,                  )
                             )
Plaintiff,                   )
                             )
    vs.                      )    No. 2:09-CV-166
                             )
CHARLES HOWARD, DRINDLE      )
HOWARD and WELLS FARGO       )
HOME MORTGAGE                )
                             )
Defendants.                  )
*************************
                             )
WELLS FARGO HOME             )
MORTGAGE,                    )
                             )
Counter-Plaintiff,           )
                             )
v.                           )
                             )
SAFECO INSURANCE COMPANY     )
OF AMERICA,                  )
                             )
Counter-Defendant.           )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff/Counter-Defendant Safeco Insurance Company of America's Motion for a Judgment on the Pleadings With Respect to Count II of the Counter-Claim, filed on July 19, 2010. For the reasons set forth below, Safeco's motion is **DENIED**.

BACKGROUND

This controversy stems from a disputed insurance policy and a fire that took place on July 5, 2008, at a property owned by Defendant Charles Howard ("Howard"). Safeco Insurance Company of America ("Safeco") issued a "Landlord Protection Policy" of insurance, policy number OZ4028752, naming Howard as the insured, which covered the property located at 1011 E. 47th Place, Gary, Indiana 46409. Wells Fargo Home Mortgage ("Wells Fargo") is listed as the "1st Mortgagee" on the policy for that property.

After a fire damaged that property on July 5, 2008, Howard filed the requisite paperwork to submit an insurance claim to Safeco. After an investigation of the fire, Safeco believed Howard misrepresented material facts concerning the property and the circumstances surrounding the property loss. As a result, Safeco commenced this litigation by filing a complaint alleging misrepresentation and intentional loss against Howard and Wells Fargo.

Wells Fargo not only answered the complaint, but also filed a two count counterclaim against Safeco: Count I alleges a breach of contract and Count II alleges a breach of the fiduciary duty of good faith. In response, Safeco filed the instant motion seeking a judgment on the pleadings as to Count II of the counterclaim. Safeco argues that because Wells Fargo is not a named insured on the Policy, Safeco does not owe Wells Fargo a duty of good faith.

Therefore, Safeco asserts, Wells Fargo's breach of duty of good faith claim must be dismissed.

DISCUSSION

Rule 12(c) Standard

A party may move for a Rule 12(c) judgment on the pleadings after filing of both the complaint and answer. *Brunt v. Service Employees Int'l Union*, 284 F.2d 715, 718 (7th Cir. 2002); Fed. R. Civ. P. 12(c). The Court will grant a 12(c) motion on the pleadings only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The Court will view the facts in the complaint in the light most favorable to the nonmoving party. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Breach of Fiduciary Duty of Good Faith

The controversy presently before this Court involves whether Safeco can possibly have a fiduciary duty of good faith in its dealings with Wells Fargo under the Policy. Safeco asserts that it owed no duty of good faith to Wells Fargo because Wells Fargo was not a party to the Policy and did not maintain any "special relationship" with Safeco under the Policy. Instead, Safeco asserts

that Wells Fargo was merely a third-party beneficiary to the Policy as mortgagee and, as such, is precluded under Indiana law from bringing a breach of fiduciary duty claim. Wells Fargo, on the other hand, asserts it is a party to the Policy as "1st mortgagee" and, as such, claims it is owed the same duty of good faith as the named insured.

There is no question that this issue is governed by Indiana state law. In Indiana, to be entitled to insurance proceeds, a recipient must have an insurable interest in the property insured. *Property Owners Ins. Co. v. Hack*, 559 N.E.2d 396, 399 (Ind. Ct. App. 1990). A party's interest in the real estate need not arise from ownership. *Id.* If a mortgagee is listed under a standard or mortgage clause in an insurance contract, then the mortgagee is deemed to have entered into a separate contract with the insurer and is entitled to payment regardless of the mortgagor's acts or omissions. *See e.g. Fifth Third Bank v. Indiana Insurance Co.*, 771 N.E.2d 1218, 1223 (Ind. Ct. App. 2002); *Hack*, 559 N.E.2d at 400.

Here, Wells Fargo is listed as 1st mortgagee under a mortgage clause in the Policy. The Policy provides, in pertinent part:

> If a mortgagee is named in this policy, any loss payable under Coverage A or B shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.

Counterclaim EXHIBIT A, p. 10, ¶ 14.

The mortgage clause in the Policy, which is identical to that in

*Fifth Third Bank*, 771 N.E.2d at 1223, creates a contract between Wells Fargo and Safeco. As a result, Wells Fargo is entitled to payment regardless of the mortgagor's acts or omissions. So, even though Safeco goes to great lengths arguing that Wells Fargo is merely a third-party beneficiary to the Policy[1], this Court finds that the pleadings establish Wells Fargo and Safeco are in contractual privity.

However, as Safeco points out, "the existence of a contract, standing alone, does not give rise to the required 'special relationship' to support imposition of a tort duty." *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993). Instead, "it is the unique character of the insurance contract which supports the conclusion that there is a 'special relationship.'" *Id.*

Based solely on the pleadings, it is not possible to discern whether Wells Fargo and Safeco had any "special relationship," which would trigger a duty of good faith. Viewing the facts in a light most favorable to the nonmoving party, Wells Fargo, Wells Fargo may be able prove facts that would support its claim for relief. The two entities occupied a contractual relationship, the details of which cannot be discerned from the pleadings alone.

---

[1] Because a third-party beneficiary of an insurance contract cannot sue an insurer in a tort action for the insurer's failure to deal in good faith with a third-party beneficiary. *Cain v. Griffin*, 849 N.E.2d 507 (Ind. 2006).

CONCLUSION

For the reasons stated above the Plaintiff/Counter-Defendant's 12(c) motion for a judgment on the pleadings concerning Count II is **DENIED**.

**DATED: December 6, 2010**         /s/RUDY LOZANO, Judge
                                    **United States District Court**